UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

PHYLLIS JONES,

                                                      Plaintiff,

                    -against-

CITY OF NEW YORK, JOSE DELROSARIO, Individually,
SAI BHARADWAJ, Individually, KEVIN JUDGE, Individually,
JOSEPH PINDER, Individually, RAFAEL PENA, Individually,
VICTOR CARDONA, Individually, ROGER MOOYOUNG,
Individually, ANTONIO EDWARDS, Individually,
ARTEMIO VEGA, Individually, MATTHEW GRIFFIN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                                      Defendants.
------------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 9202 (PAC)

<u>Jury Trial Demanded</u>

Plaintiff, PHYLLIS JONES, by her attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff PHYLLIS JONES is a fifty-four year old African American woman who resides in the Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JOSE DELROSARIO, SAI BHARADWAJ, KEVIN JUDGE, JOSEPH PINDER, RAFAEL PENA, VISTOR CARDONA, ROGER MOOYOUNG, ANTONIO EDWARDS, ARTEMIO VEGA, MATTHEW GRIFFIN, and JOHN or JANE DOE 1 through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    On May 4, 2013, at approximately 6:00 a.m., plaintiff PHYLLIS JONES was lawfully present as an overnight guest of James Spencer in Apartment 52 located at 100 West 121 Street, New York, NY, when the defendant officers JOSE DELROSARIO, SAI BHARADWAJ, KEVIN JUDGE, JOSEPH PINDER, RAFAEL PENA, VISTOR CARDONA, ROGER MOOYOUNG, ANTONIO EDWARDS, ARTEMIO VEGA, and MATTHEW GRIFFIN entered said location and participated in the execution of a search warrant at said location.

13.    Defendant officers including BHARADWAJ and CARDONA entered the room where JONES was sleeping and ordered her out of the bed.  JONES told the defendant officers that she was naked and asked them if she could get dressed.  The defendant officers then handed JONES a robe that did not have a belt or any other fasteners that would allow her to close the front of the robe.

14.    Defendants BHARADWAJ handcuffed JONES with her hands behind her back leaving her body exposed.  JONES was then led into another room where the defendant officers had assembled the other occupants of said apartment.

15.    While JONES was in the second room, defendant officers made derogatory and humiliating comments about her exposed body, stating in sum and substance, hey, look at grandma. You would never do that to a Spanish girl.

16.    The defendant officers did not recover any contraband from JONES'S person, nor did the defendants gain any information or evidence indicating that JONES exercised dominion and control over any areas of said apartment other than the bed she was in, the clothing she wore, and her pocketbook and its contents.

17.    JONES did not own, rent or frequently visit said apartment.

18.    JONES did not reside in said apartment and did not have keys to said apartment.

19.    JONES told the defendant officers that she did not live at 100 West 121st Street, Apartment 52 and gave the defendant officers her New York State Non-Driver identification card which indicated that she did not live at said apartment.

20.    In addition, the defendant officers stated to JONES in sum and substance: We know you don't live here, do you know what's going on here.

21.    James Spencer, the person whom JONES was visiting, admitted that he was a resident of the said apartment and told the defendant officers that JONES did not live in said apartment.

22.    Notwithstanding that the defendant officers lacked probable cause to arrest JONES insofar as the officers knew JONES did not live at the location and was not found in constructive possession of any contraband, JONES was escorted out of said apartment and imprisoned in an NYPD vehicle in front of 100 West 121st Street for approximately two hours. The defendant officers then transported JONES to the NYPD's 28th precinct stationhouse and

detained her in said NYPD vehicle for approximately two hours before escorting her inside the station house.

23.     While inside the station house, JONES was subjected to a humiliating and unlawful strip search where she was ordered to disrobe, squat, and cough in the presence of other detainees.

24.     On May 5, 2013, at approximately 10:30 p.m., after over 40 hours in custody, JONES was released after her arraignment in New York County Criminal Court on baseless charges filed under docket number 2013NYI035336; said charges having been filed based on the false allegations of defendant DELROSARIO, JUDGE, BHARADWAJ, PINDER, PENA, CARDONA, and MOOYOUNG.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against JONES for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned abuse of authority, and to benefit themselves personally and professionally.

25.     Defendant DELROSARIO initiated the criminal prosecution against JONES by falsely swearing in a criminal court complaint filed against JONES in New York County Criminal Court that: DELROSARIO recovered mail from a bedroom inside said apartment bearing JONES'S name and addressed to 100 West 121st Street, Apartment 52.  This allegation is false and misleading insofar as no mail was recovered in the apartment from which it could be inferred that plaintiff resided at the apartment.

26.     The malicious prosecution compelled JONES to return to court for the next six months on approximately four court dates until November 12, 2013, when all the purported

charges filed against JONES were dismissed and sealed in New York County Criminal Court.

27.     Defendants JUDGE, who holds the rank of lieutenant, and GRIFFIN, who holds the rank of sergeant, supervised defendants BHARADWAJ, PINDER, PENA, CARDONA, MOOYOUNG, EDWARDS, and VEGA and approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiff.

28.     Defendants DELROSARIO, JUDGE, BHARADWAJ, PINDER, PENA, CARDONA, MOOYOUNG, EDWARDS, VEGA, GRIFFIN and JOHN and JANE DOE 1 through 10 were for, and directly participated in, or failed to intervene in, the illegal conduct described herein despite a meaningful opportunity to do so.

29.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

30.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the execution of search warrants; the investigation of incidents; the legal requirements to arrest an individual for constructive possession of contraband; the legal requirements to strip search an individual; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant; and, the ramifications of falsification.

31.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32.     Moreover, upon information and belief, defendant CITY OF NEW YORK were aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.     As a result of the foregoing, plaintiff PHYLLIS JONES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff PHYLLIS JONES, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

7

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)**

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants arrested plaintiff PHYLLIS JONES, without probable cause, causing her to be detained against her will for an extended period of time and subjected her to physical restraints.

43.     Defendants caused plaintiff PHYLLIS JONES, to be falsely arrested and unlawfully imprisoned.

44.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

8

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants strip searched plaintiff PHYLLIS JONES in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

47. Defendants thereby caused plaintiff PHYLLIS JONES to be deprived of her right to be free from unlawful strip searches.

48. As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants maliciously issued criminal process against plaintiff by causing her to be arraigned and prosecuted in New York County Criminal Court.

51. Defendants caused plaintiff PHYLLIS JONES to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their illegal conduct described herein.

52.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

55.     Defendants caused plaintiff PHYLLIS JONES to be prosecuted without any probable cause until the charges were dismissed on November 12, 2013.

56.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendants created false evidence against plaintiff PHYLLIS JONES.

59.     Defendants utilized this false evidence against plaintiff PHYLLIS JONES in legal proceedings.

60.     As a result of defendants' creation and use of false evidence, plaintiff PHYLLIS JONES suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

61.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
#### (Failure to Intervene under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants had an affirmative duty to intervene on behalf of plaintiff PHYLLIS JONES, whose constitutional rights were being violated in their presence by other officers.

64.     The defendants failed to intervene to prevent the unlawful conduct described herein.

65.     As a result of the foregoing, plaintiff PHYLLIS JONES was subjected to false arrest, and her liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

66.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

11

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendants illegally stopped, detained, arrested, and prosecuted, plaintiff PHYLLIS JONES because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

69.     As a result of the foregoing, plaintiff PHYLLIS JONES was deprived of her rights under the Equal Protection Clause of the United States Constitution.

70.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

73.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting individuals without probable cause based on a wrongful theory of constructive possession of contraband, and then and/or otherwise engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals, and subjecting individuals to illegal strip searches.   In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff PHYLLIS JONES'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PHYLLIS JONES.

13

78.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PHYLLIS JONES, as alleged herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PHYLLIS JONES, as alleged herein.

80.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff PHYLLIS JONES was unlawfully seized, detained, incarcerated, and prosecuted.

81.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PHYLLIS JONES'S constitutional rights.

82.    All of the foregoing acts by defendants deprived plaintiff PHYLLIS JONES of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from seizure and arrest not based upon probable cause;

      C.    To be free from false imprisonment/arrest;

      D.    To be free from an unlawful strip search;

      E.    To be free from malicious abuse of process and/or malicious prosecution;

      F.    To receive a fair trial;

      G.    To receive equal protection under law; and

      H.    To be free from the failure to intervene;

14

83.     As a result of the foregoing, plaintiff PHYLLIS JONES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PHYLLIS JONES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
            April 10, 2015

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff PHYLLIS JONES
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:  _____
>           BRETT H. KLEIN (BK4744)
>           JASON LEVENTHAL (JL1067)

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

PHYLLIS JONES,

                                        Plaintiff,

                                                                    14 CV 9202 (PAC)

        -against-

CITY OF NEW YORK, JOSE DELROSARIO, Individually,
SAI BHARADWAJ, Individually, KEVIN JUDGE, Individually,
JOSEPH PINDER, Individually, RAFAEL PENA, Individually,
VICTOR CARDONA, Individually, ROGER MOOYOUNG,
Individually, ANTONIO EDWARDS, Individually,
ARTEMIO VEGA, Individually, MATTHEW GRIFFIN,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                        Defendants.

-----------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100